### RAILWAY COMPANY *v.* STEVENSON.

Decided January 3, 1891.

*Van Buren bridge act—Construction—Tolls.*

> The act of Congress authorizing the construction of a railway bridge across the Arkansas river at Van Buren, Arkansas, provides that no higher charge shall be made for the transportation of passengers over it than is paid for similar transportation over the railroad leading to the bridge. Under the act of the general assembly of April 4, 1887, regulating the maximum charge for transportation of passengers by railroads, a charge of forty cents as a toll for crossing the bridge, in addition to the maximum charge for transportation, is illegal.

APPEAL from *Crawford* Circuit Court.

JOHN S. LITTLE, Judge.

Action to recover the statutory penalty for an overcharge, similar to the case of *Railway Co.* v. *Gill, ante* p. 101, the defendant being the same in each case.

Plaintiff purchased a ticket from Fort Smith to Lillie, a station eleven miles north. The transportation included passage over the bridge across the Arkansas river. He was charged seventy cents for the transportation. Defendant interposed the same defenses as in the case of *Railway Co.* v.

*Gill*, and an additional defense that forty cents of that amount was charged as a bridge toll.

Section 2 of the act approved April 4, 1887, quoted *ante* p. 102, provides that the payment of fare, at the rate specified, "shall entitle the person paying the same to be transported, without additional charge, over any bridge," etc.

Judgment was rendered for the plaintiff. Defendant has appealed.

*Clayton, Brizzolara & Forrester* for appellant. *John O'Day* and *E. D. Kenna* of counsel.

The overcharge was entirely for carrying plaintiff over the Van Buren bridge, and it follows that, if such rate was authorized, there was no offense. Congress had the right to regulate the rate of fare or toll for crossing this bridge. It delegated the power to the secretary of the interior, and he fixed the rate. The act, in so far as it attempts to regulate the charges made on this bridge, is in conflict with the act of congress, and void. 6 Wall., 35; 12 How., 229; 105 U. S., 470; 109 U. S., 385; 3 Wall., 713; 10 Wall., 557; 13 How., 565; 18 *id.* 421; 10 Wheat, 316.

*Brown & Sandels* for appellee.

HEMINGWAY, J. The answer in this cause presented the same questions decided against the appellant in the case of *Gill* v. *St. Louis & San Francisco Railway Company*, *ante* p. 101. It presented an additional paragraph, in which it was alleged that the overcharge was for transportation over ten miles of the defendant's railroad, and also for passage over a bridge across the Arkansas river; that the bridge connects the line of the appellant's road on either side of the river, and was built under an act of Congress which reserved to the appellant and the secretary of war the exclusive right to regulate tolls for carrying passengers across it; that appellant charged for the ticket three cents per mile for passage over the road, and forty cents for passage over the bridge. The appellant sold the ticket for a continuous passage from Fort Smith to Lillie, including

passage over the bridge. By the act of Congress, under which the bridge was built (approved July 3, 1882), it is provided that no higher charge shall be made for the transportation of passengers over it than is paid for similar transportation over the railroad leading to the bridge. It is therefore no defense that the charge of seventy cents for a ticket for travel of eleven miles included a passage over the bridge.

Affirm.